UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-cr-169-2 |
| | ) | |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| [2] JEFFREY SCOTT WELLS | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING DISCOVERY

Upon a motion by the United States, the Court concludes that discovery would be facilitated by a protective order pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1).

1. Definitions.

   a. "Defendant's Counsel" means each attorney who has entered an appearance on behalf of Defendant in the above-captioned matter.

   b. "Authorized Persons" means any person employed or retained by Defendant's Counsel to assist in the preparation, trial, sentencing, or appeal of the above-captioned case, including Defendant's Counsel's consultants, agents, experts, and investigators.

   c. "Other Counsel" means each attorney for a witness, prospective witness, and co-defendants in the above-captioned matter, as well as that attorney's employees.

   d. "Discovery Material" means all documents and materials produced by the United States to Defendant's Counsel, and all information contained therein.

Any copies or reproductions of Discovery Material shall be considered Discovery Material.

e. "Sensitive Discovery Material" means all Discovery Material which contains the Social Security Number, tax-payer identification number, driver's license number, bank or financial account number, residential address, personal phone number, date of birth, passport number, alien registration number, or protected health information, of a person other than Defendant.

2. <u>Display and Production of Discovery Material</u>. Defendant's Counsel shall not display or produce Discovery Material to any person other than:

a. Defendant;

b. The Court and its employees;

c. Authorized Persons; and

d. Witnesses, prospective witnesses, co-defendants, and Other Counsel, in the above-captioned matter.

Discovery Material shall be displayed or produced to Authorized Persons only to the extent necessary to perform the work for which the person was retained. Discovery Material shall be displayed or produced to witnesses, prospective witnesses, co-defendants, and Other Counsel only in preparation for, during, or in review of the testimony of the person (or Other Counsel's client, as appropriate).

Authorized Persons, witnesses, prospective witnesses, co-defendants, and Other Counsel (collectively, "Third Parties") and Defendant are prohibited from further displaying or producing Discovery Material provided to them by Defendant's Counsel. Before displaying or producing

Discovery Material to Third Parties or Defendant, Defendant's Counsel shall inform them of this restriction and provide them a copy of this Order.

3. <u>Display and Production of Sensitive Discovery Material</u>. In addition to the provisions in Paragraph 2, Defendant's Counsel may display, but shall not produce, to Defendant or any co-defendant, any Sensitive Discovery Material. Such display shall be made only to the extent necessary for the preparation, trial, sentencing, or appeal of the above-captioned case.

4. <u>Limitation of Use of Discovery Material</u>. Nothing in this order shall limit Discovery Material from being used in pretrial proceedings, motions and briefs, trial and other proceedings in the above-captioned matter, or any appeal thereof.

5. <u>Inadvertently Produced Material</u>. At the request of the government, the Defendant shall return all Discovery Material that was produced inadvertently.

6. <u>Discovery Material in Court Papers</u>. Nothing in this order limits the application of Fed. R. Crim. P. 49.1 (regarding privacy protections for court filings) for any filings made with the Court.

7. <u>Defendant's Use of His Own Documents</u>. Nothing in this order shall prevent Defendant from any use of his own confidential documents, even if considered Discovery Material under this Order.

8. <u>Use of Discovery Material at Trial</u>. The admissibility, confidentiality, and use of all Discovery Material at trial shall be subject to further order of the Court; the Federal Rules of Criminal Procedure, including but not limited to Fed. R. Crim. P. 49.1; and the Federal Rules of Evidence.

9. <u>Conclusion of Matter</u>. Upon the conclusion of the above-captioned matter, including any appeals, Defendant's Counsel shall return to the United States or destroy all Discovery Material. Upon the conclusion of the above-captioned matter, including any appeals, Defendant and each Third Party shall certify to Defendant's Counsel that that person has returned or destroyed all Discovery Material displayed or produced to that person by Defendant's Counsel.

10. <u>Violations</u>. Violations of this Order may be punished as contempt of court. However, nothing in this Order exposes Defendant or Defendant's Counsel to contempt of court or any other type of sanction for unintentional or inadvertent disclosure of Discovery Material by Defendant, Defendant's Counsel, or an Authorized Person. In the event of such unintentional or inadvertent disclosure of Discovery Material, Defense Counsel shall promptly notify the United States of the inadvertent disclosure, and the Parties' counsel shall discuss in good faith what steps, if any, should be taken to minimize the effect of such disclosure.

11. <u>Modification of Order</u>. The terms of this order are subject to modification, extension, or limitation as may be agreed to by all Parties or by order of the Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

Date: October 7th, 2024